# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAISANGUR GERMAKHANOV,<br><br>                              Petitioner,<br><br>v.<br><br>SIDNEY AKI, Current or Acting Field Office Director, ICE San Diego Field Office, et al.,<br><br>                              Respondents. | Case No.:  26-cv-1397-BJC-VET<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; and**<br><br>**(2) DENYING TRO [ECF NO. 2]** |

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with a Temporary Restraining Order ("TRO").  ECF Nos. 1, 2. For the following reasons, the Court grants the Petition in part and denies the TRO as moot.

## I.    BACKGROUND

On June 30, 2025, Petitioner, a Russian citizen, crossed the U.S.-Mexico border near Calexico, California. He was immediately detained by U.S. immigration authorities and he has been held in continuous custody at the Imperial Regional Detention Facility since that date. Pet. ¶ 40, ECF No. 1.

On January 27, 2026, an Immigration Judge denied Petitioner's applications for

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") despite a formal, credibility-based determination that "Petitioner faces a greater-than-fifty-percent probability of torture if returned to Russia." *Id*. ¶ 5. Petitioner filed an appeal to the Board of Immigration Appeals ("BIA") on February 17, 2026, and the BIA acknowledged receipt on February 19, 2026. *Id.* ¶ 5. The removal order is therefore not final, and an automatic stay of removal is in effect. Petitioner contends that his prolonged detention without a bond hearing violates the Due Process Clause. He requests his immediate release or a bond hearing. Pet. at 15-16, ECF No. 1; ECF No. 5 at 6.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

### A. Jurisdiction under 8 U.S.C. § 1252(g)

Under 8 U.S.C. § 1252(g), except as otherwise stated, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has made clear, however, that § 1252(g) must be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: his 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631,

26-cv-1397-BJC-VET

at *6, *14–15 (9th Cir. Aug. 27, 2025) (emphasis in original).  Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders."  *Id.* at *18.  Specifically, § 1252(g) does not bar due process claims.  *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) ("[The plaintiffs'] objective was not to obtain judicial review of the merits of their . . . proceedings, but rather to enforce their constitutional rights to due process in the context of those proceedings.")

The Court concludes that it has jurisdiction. Petitioner is not challenging Respondents' decision to execute a removal order, which would bar this Court's review.  Instead, he challenges the legality of his detention based on alleged violations of his constitutional rights.  Such claims fall squarely within the Court's habeas authority.  *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *accord Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023) (interpreting 1252(g) to allow jurisdiction over detention challenges).

### B.    Constitutional Right Against Prolonged Mandatory Detention

Indefinite prolonged detention of an alien raises due process concerns.  *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.") Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights.  *See Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025) (listing cases).

This Court finds the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) provides an appropriate assessment of the possible

26-cv-1397-BJC-VET

constitutional implications of Petitioner's ongoing detention without a bond hearing. The *Lopez* test includes an evaluation of (1) the total length of detention, (2) the likely duration of future detention, and (3) delays in the removal proceedings caused by the petitioner and the government. *Id.*

Petitioner's length of detention without a bond hearing, now over thirteen months, weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. See, e.g., *Guatam v. Corr. Corp of Am.,* No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process). The length of detention therefore favors Petitioner.

The second *Lopez* factor, the likely duration of future detention, also weighs in Petitioner's favor. Petitioner filed his BIA appeal on February 17, 2026, and it is uncertain how long the BIA adjudication will take. The appeal to the BIA may take months, and any appeal to the Ninth Circuit thereafter may take years. *See Masood v. Barr,* No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved").

The final *Lopez* factor is neutral, as it appears neither party has contributed to delays in the removal proceedings. Accordingly, review of the *Lopez* factors support the conclusion that Petitioner is entitled to a bond hearing based on his prolonged detention.

//

//

//

//

//

//

26-cv-1397-BJC-VET

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Petitioner's application for TRO is **DENIED** as moot. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  August 6, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1397-BJC-VET